David S. McLeod (SBN 66808)
dmcleod@mmwf.com
Jeffrey R. Witham (SBN 116392)
jwitham@mmwf.com
John P. Flynn (SBN 141094)
jflynn@mmwf.com
McLEOD, MOSCARINO, WITHAM & FLYNN LLP
707 Wilshire Blvd., Suite 5000
Los Angeles, CA 90017
Tel: (213) 627-3600
Fax: (213) 627-6290

Attorneys for Defendant and Counterclaimant
DOWNEY REGIONAL MEDICAL CENTER-HOSPITAL, INC.

**MANDATORY CHAMBERS COPY**

**NOTE CHANGES MADE BY THE COURT**

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MEDASSETS NET REVENUE SYSTEM, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>DOWNEY REGIONAL MEDICAL CENTER, a California corporation and DOES 1 – 10, Inclusive,<br><br>    Defendants.<br><br>DOWNEY REGIONAL MEDICAL CENTER-HOSPITAL, INC., a California nonprofit, public benefit corporation and DOES 1 – 10, Inclusive,<br><br>    Counterclaimant,<br><br>vs.<br><br>MEDASSETS NET REVENUE SYSTEM, LLC, a Delaware limited liability company,<br><br>    Counterdefendant. | Case No. CV13-01936-ODW (AGRx)<br><br>Judge: Hon. Otis D. Wright, II<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>NOTE CHANGES MADE BY THE COURT |

Whereas, the parties to this case, MedAssets Net Revenue System, LLC v. Downey Regional Medical Center, CV13-01936-ODW (AGRx) (the "Litigation"), may seek discovery of non-public, competitively sensitive, proprietary, or personal confidential information of another party or of a third party for which protection from public disclosure would be warranted;

Whereas, the parties anticipate that discovery in the Litigation will yield confidential information including (1) protected health information, as defined in 45 C.F.R. §164.501, subject to protection under the Health Insurance Portability Act of 1996 ("HIPPA") and related federal and state laws and regulations to similar effect; (2) confidential personal information of patients and employees of the parties; (3) confidential, proprietary information or trade secrets of the parties including proprietary business software, business strategies and financial information; and (4) contracts that are subject to separate confidentiality agreements.

Whereas, the parties wish to ensure that information designated in accordance with this Protective Order shall be used only for the purposes of the Litigation and shall not be disclosed or used in any other way or for any other purpose;

Whereas, the parties desire to minimize the necessity for objections and motions and avoid interruption or delay in the flow of information relevant to the Litigation by piecemeal motions for protective orders or other unnecessary discovery motions;

Whereas, the parties, by and through their respective counsel, have consented to the entry of this Protective Order; and

Whereas, good cause exists for entry of this Protective Order;

THEREFORE, IT IS HEREBY STIPULATED that:

1. <u>Definition of "Discovery Material."</u>

For purposes of this Protective Order, "Discovery Material" is defined as all documents, discovery responses, materials, testimony, tangible things, items, and all other information produced or otherwise disclosed in this Litigation, including information in electronic form.

2. <u>Applicability.</u> This Protective Order governs all Discovery Material designated by any producing party (or non-party) as "Confidential." The restrictions herein on the use and disclosure of Discovery Material designated as "Confidential" shall also apply to any copies of such material, and any data derived from such material, including, but not limited to, any summaries, excerpts, compilations, quotes or paraphrases.

3. <u>"Confidential" designation.</u> Any producing party may designate as "Confidential" any Discovery Material, or portion thereof, that has not been publicly disclosed to the general public which the producing party considers in good faith to be entitled to protection from public disclosure that constitutes, reflects or discloses (i) confidential financial information of the producing party entitled to protection under Rule 26 (c) (1)(G) of the Federal Rules of Civil Procedure; (ii) protected health information, as defined in 45 C.F.R. §164.501, subject to protection under the Health Insurance Portability Act of 1996 ("HIPAA") and related federal and state laws and regulations to similar effect; (iii) personal information of individuals subject to a legally protected right of privacy under applicable federal and state laws (referred to herein as "Confidential Information"); (iv) contracts that are subject to confidentiality agreements; and (v) confidential or proprietary electronic databases of the parties or non-parties.

The producing party shall designate any document containing Confidential Information by marking the first page and each subsequent page of the document that contains such information with the word "CONFIDENTIAL." Electronic files may be stamped on the medium of transfer, such as a CD or flash drive, or via some other writing that designates the electronic information as Confidential Information. In lieu of marking original documents, the producing party may mark any copies of documents that are produced or exchanged. The producing party shall designate other materials containing Confidential Information by marking them in a similar manner to the extent practicable. When Confidential Information is produced in a form not appropriate for marking, it shall be designated in writing as Confidential Information at the time it is produced.

4.  <u>Disclosure of Confidential Information:</u> Confidential Information may be disclosed only to the following persons:

   a. Outside counsel to the parties to this Litigation, in-house counsel for the parties to this Litigation, and legal support personnel and clerical employees working under the supervision of such counsel;

   b. The named parties to this Litigation and, if any party is a business entity, the officers, directors or employers of the receiving party who are actively engaged in assisting outside counsel or in-house counsel regarding the conduct of the Litigation;

   c. The trial court (and any appellate court) for this Litigation, including any court reporters and personnel;

   d. Court reporters, videographers, and their support staff retained in connection with depositions taken by any party in this Litigation to the extent necessary to transcribe the deposition testimony, or videotape the deposition, and identify exhibits marked in the course of the deposition.

   e. Experts and consultants, including their employees and support staff, who have been retained by a party or a party's counsel in connection with this Litigation;

   f. Employees of the party or non-party that produced the designated material;

   g. Any witness who was an author or recipient of the Confidential Information;

   h. Witnesses (other than expert witnesses and consultants) who are shown Confidential Information while testifying at deposition, hearing or trial.

   i. Outside photocopying, data processing or graphic producing services employed by the parties or their counsel to assist in this Litigation; and

   j. Any arbitrator or mediator engaged in the settlement of the Litigation.

5. <u>Confidentiality Agreement.</u> Before counsel disseminates any Confidential Information to persons authorized under paragraphs 4(e) to receive such information, counsel shall provide the person with a copy of this Protective Order and obtain from such person a written acknowledgement in the form of the Confidentiality Agreement attached as Exhibit A hereto. All executed Confidentiality Agreements shall be retained by counsel for the party providing the information designated under this Protective Order and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by any party.

6. <u>Use of Confidential Information.</u>

a. Any recipient of Confidential Information shall not disclose such information to any person to whom disclosure is not authorized by the express terms of this Protective Order. Any Confidential Information shall not be used by any recipient except in connection with the conduct of this Litigation and for no other purpose whatsoever. Use by any recipient of such information for any purpose other than the conduct of this Litigation shall be a violation of this Protective Order.

b. Any recipient of Confidential Information shall maintain such information in a secure and safe area, and the recipient shall exercise all reasonable standards of due and proper care with respect to the storage, custody, and use of such information so that it is not further disclosed or used, either intentionally or inadvertently, in any manner inconsistent with this Protective Order.

c. This Protective Order does not preclude, limit, or restrict the use of Confidential Information at trial. Information used at trial shall become public absent a separate court order upon motion and sufficient cause shown. [handwritten edits, original struck through: "The Court shall determine at the time of trial how Confidential Information shall be handled, consistent with the purposes of this Protective Order."] [initialed "AW"]

d. Nothing in this Protective Order shall bar counsel from rendering advice to his or her client with respect to this Litigation and, in the course thereof, relying upon any Confidential Information that is produced in this Litigation, provided such information itself shall not be disclosed to the client except in accordance with this Protective Order.

      e.    Nothing in this Protective Order shall prevent any use by the producing party of the Confidential Information that he, she or it produces in this Litigation.

    7.    <u>Agreement to be bound and jurisdiction of this Court</u>. All recipients of Confidential Information are enjoined from disclosing such information to any other person except in conformity with this Protective Order, and hereby agree to subject themselves to the jurisdiction of the Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Protective Order. In the event any person with access to Confidential Information leaves the employ of one of the parties, that person shall remain bound by this Protective Order.

    8.    <u>Designation of Confidential Information produced by a non-party</u>. Any party to this Litigation may designate as "Confidential" any Discovery Material produced by any non-party within twenty (20) days from the date the designating party receives that Discovery Material by providing written notice to all parties and the producing non-party. Any non-party witness or other person, firm or entity from which discovery is sought in this Litigation may also designate as "Confidential" any Discovery Material produced or otherwise disclosed by such non-party.

    9.    <u>Inadvertent failure to designate Confidential Information.</u> The inadvertent failure to designate Discovery Material as "Confidential" shall not constitute a waiver of such claim. Any party may designate Discovery Material as "Confidential" after such Discovery Material has been produced or otherwise disclosed, with the effect that the designated Discovery Material is subject to the protections of this Protective Order on and after the date of its designation. However, no one shall incur liability for disclosures made prior to notice of such designations.

    10.    <u>Inadvertent disclosure</u>. The inadvertent production of Discovery Material containing information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege or immunity shall be without prejudice to the right of any producing party to claim that such documents or materials are protected

from disclosure and to request that such materials be returned to the producing party. No party shall use the inadvertent delivery of such Discovery Material as a basis for claiming a waiver.

11. <u>Unauthorized disclosure of Confidential Information.</u> If a recipient learns that, by inadvertence or otherwise, he or she has disclosed Confidential Information to any person or in any circumstance not authorized by this Protective Order, the recipient must immediately: (i) notify in writing the designating party of the unauthorized disclosure; (b) use his or her best efforts to retrieve all Discovery Material from the person who received such information; (c) inform the person to whom unauthorized disclosures were made of the terms of this Protective Order; and (d) request such person to execute the Confidentiality Agreement attached hereto as Exhibit A. No unauthorized disclosure of Confidential Information shall result in a waiver of any claim of confidentiality.

12. <u>Depositions.</u> a. Any party may designate deposition testimony by any witness, or any portion thereof (including any exhibits) as "Confidential" at the time of the deposition by making the designation on the record, or by written notice to all counsel of record within twenty (20) days after receipt of the written transcript from the court reporter. If a Confidentiality designation is made with respect to deposition testimony, the portion of the transcript so designated shall be separately bound in a booklet with the words "Confidential Subject To Protective Order" on the cover. If the designation is made after the court reporter has prepared the transcript, then each counsel shall be responsible for appropriately labeling all of his or her copies of the deposition transcript and/or videotape.

b. When counsel notifies all parties of the testimony that should be treated as "Confidential," that testimony will be disclosed and used only in accordance with this Protective Order. If counsel fails to designate the deposition testimony during the twenty (20) day period, then the deposition shall be considered as not containing any information protected under this Protective Order. Notwithstanding any other provision of this Protective Order, no aspect of this Order shall be interpreted so as to prevent a deponent

1 from reviewing the entire transcript of his or her deposition.

2     13.     <u>Attendance at depositions and court hearings</u>. Whenever information designated under this Protective Order is discussed by a party or disclosed in a deposition, ~~court hearing~~ AGR or other proceeding in accordance with this Protective Order, the designating party may exclude from the room any person who is not authorized to receive such information under the terms of this Protective Order.

7     14.     <u>Filing Confidential Information.</u> Any Confidential Information that is to be used or filed with the Court in this action and any pleading or other paper containing such information, other than discovery motions, shall be filed with an application to the Court to file the pleadings, papers or confidential portions thereof pending the ruling on the application, the papers or portions thereof subject to the sealing applications shall be lodged under seal pursuant to Local Rule 79-5.1.

13     15.     <u>Discovery motions</u>. Discovery motions shall be an exception to the general provisions of paragraph 14 above. Any Confidential Information that is to be used or filed with the Court or court-appointed referee in connection with discovery related motions in this Litigation, and any supporting papers containing such information, shall be filed with the Court under seal without the need for a separate motion for permission to file the Confidential Information.

19     16.     <u>Challenging a designation</u>. Any party may object to the designation of any Discovery Material (the "Objecting Party") as "Confidential." The Objecting Party must notify the designating party in writing of the objection within twenty (20) days of production of the Discovery Material. The Objecting Party must provide enough information to sufficiently identify the document, including, where available, the Bates number of the document or documents, and the basis for that objection.

25     a.     <u>Meet and confer process</u>: The parties shall, within fifteen (15) days of service of the written objection, meet and confer concerning the objection. The parties shall make a good faith effort to resolve the dispute without intervention of the Court.

28     b.     <u>Dispute presented to the Court</u>: If, however, the parties are unable to

resolve the dispute, the Objecting Party shall move for an order regarding the designation of the Discovery Material at issue within ten (10) days after the completion of the attempted efforts to resolve the dispute (or such longer meet and confer period as the Objecting Party and the designating party may agree). The party asserting the designation as to the Discovery Material shall have the burden of proof that the material so designated is entitled to protection. If any such dispute is submitted to the Court, the Discovery Material at issue shall be submitted to the Court pursuant to paragraph 15 above, will retain its "Confidential" designation until a ruling by the Court, and thereafter shall be classified in accordance with such ruling.

    c.    <u>Failure of the Objecting Party to move for an order regarding the designation</u>: If the Objecting Party fails to notify the designating party of its objections in accordance with this paragraph, or fails to move the Court for an order regarding the designation of the Discovery Material in accordance with this paragraph, the Discovery Material will be treated pursuant to the terms and conditions of this Protective Order and according to the designating party's original designation.

    17.    <u>Subpoena, request, or court order</u>. If another party, court or agency subpoenas or orders production of Confidential Information that a party has obtained under the terms of this Protective Order, or such material is the subject of a public records request to a government party, such party (1) shall promptly notify the designating party of the subpoena, public records request, or court order in writing; and (2) to the extent permitted by law, court rule, and court order, shall withhold production of the requested information until the designating party permits production, a court of competent jurisdiction orders otherwise, or the designating party takes appropriate steps to protect such material. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this Litigation an opportunity to try to protect its confidentiality interests in the court from which the subpoena, request or order issued. The designating party shall bear the burden and expense of seeking protection of his, her or its Confidential Information.

18. <u>Withdrawal or modification of designation.</u>  The designating party may voluntarily withdraw or modify his, her or its designation of any Discovery Material at any time.

19. <u>Right to assert other objections.</u>  This Protective Order shall not affect any party's right to object to the use of Discovery Material designated "Confidential" on any ground at any time such evidence is offered, including at trial.

20. <u>No admission.</u>  The designation of any Discovery Material under this Protective Order shall not constitute an admission by any party that any such Discovery Material or information contained therein is, in fact, a trade secret, confidential, proprietary, or otherwise protectable.

21. <u>Additional protection.</u>  Nothing contained in this Protective Order shall preclude any party from seeking and obtaining, upon a showing of good cause, additional protection with respect to the confidentiality of Discovery Material, including, but not limited to, additional restrictions on disclosure to the persons identified herein.  This Protective Order shall also not prevent a party from applying to the Court for further protective orders.

22. <u>No requirement to produce.</u>  The existence of this Protective Order will not be used to require any party to produce any document and shall not prejudice the right of any party to oppose production of any information.  The existence of this Protective Order shall not be used by either party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure, the Local Rules of this Court, or any applicable local rules or orders of the Court.

23. <u>New Parties.</u>  In the event additional parties are joined in this Litigation, the additional party shall not have access to Discovery Material designated in accordance with this Protective Order until the newly joined party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Protective Order.

24. <u>Return or Destruction of Confidential Information.</u>  Within forty-five (45) days after receipt of written notice of the final disposition of this Litigation, whether

1  by judgment and exhaustion of all appeals, or by settlement, counsel for the parties and all
2  other persons who have received Confidential Information shall destroy or return all such
3  material, including all copies, to the producing party's counsel at the producing party's
4  expense. Counsel shall certify in writing to the producing party's counsel that they have
5  complied with this paragraph, and that they have caused anyone to whom they have
6  disclosed such information to have complied with this paragraph, within forty-five (45)
7  days after receipt of written notice of the final disposition of this Litigation.
8  Notwithstanding the foregoing, outside counsel for the parties may retain motion papers,
9  briefs, notes, memoranda, deposition transcripts and exhibits, or other work product which
10 contain Confidential Information. However, this Protective Order shall continue to apply
11 to all Confidential Information retained by any outside counsel in accordance with the
12 preceding sentence.

13    25.    **Modification, extension or limitation**. The terms and provisions of this
14 Protective Order are subject to modification, extension or limitation as may be hereafter
15 agreed to by the parties or by order of the Court.

16    26.    **Survival**. This Protective Order, except as modified, amended or
17 rescinded by the Court, shall survive the termination of this action.

Dated: September 24, 2013             McLEOD, MOSCARINO, WITHAM &
                                      FLYNN LLP


                                      By: /s/ Jeffrey R. Witham
                                          Jeffrey R. Witham

                                      Attorneys for Defendant
                                      Downey Regional Medical Center-
                                      Hospital, Inc.

Dated: September 24, 2013

ZUBER LAWLER & DEL DUCA LLP

By: /s/ Jeremy J. Gray
    Jeremy J. Gray

Attorneys for Plaintiff
MedAssets Net Revenue System, LLC

IT IS SO ORDERED.
DATED: 10/4/13

*Alicia G. Rosenberg*
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____, declare that:

1. My address is _____
   _____.

2. My present occupation is _____. I am employed by
   _____.

3. I acknowledge that I have been given a copy of and have read the Protective Order in *MedAssets Net Revenue System, LLC. v. Downey Regional Medical Center, a California corporation,* United States District Court Case No. CV13-01936-ODW (AGRx) (the "Litigation"), and I agree to be bound by its terms. I acknowledge that I am one of the persons contemplated as being able to be given access to information designated in accordance with the Protective Order.

4. I will comply with all of the provisions of the Protective Order. I acknowledge and agree that any Discovery Material (as defined in paragraph 1 of the Protective Order) received or viewed by me in connection with this Litigation, including without limitation those marked or otherwise designated as "Confidential" and any copies, data, summaries, excerpts, compilations, quotes or paraphrases of such Discovery Material, shall not be disclosed to or discussed with anyone for any purpose except as expressly provided in the Protective Order.

5. I consent to the jurisdiction of this Court for any matter or proceeding relating to my receipt or review of any documents designated in accordance with this Protective Order, including but not limited to the enforcement of this Protective Order.

/ / /

/ / /

/ / /

/ / /

1  I declare under the penalty under the laws of the State of California that the
2  foregoing is true and correct.
3
4  EXECUTED on _____, 2013, at _____.
5
6                                                    _____
7                                                    Signature
8                                                    _____
                                                     Print Name
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28